**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

In re: MISBAH ABDUL-KAREEM            Case No. 18-CV-2923 (SRN/HB)

**REPORT AND RECOMMENDATION**

HILDY BOWBEER, United States Magistrate Judge

This matter comes before the Court on (1) a filing by Misbah Abdul-Kareem on October 12, 2018, titled "A sworn and written statement in regards to my Money Project of 2017" [Doc. No. 1]; and (2) Abdul-Kareem's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2]. For the following reasons, the Court recommends (1) dismissing this action without prejudice for lack of jurisdiction, and (2) denying as moot the application to proceed pro se.

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The Court lacks subject-matter jurisdiction here because the Statement does not present an Article III case or controversy. "Article III restricts federal courts to the resolution of cases and controversies." *Davis v. FEC*, 554 U.S. 724, 732 (2008). Abdul-Kareem's Statement does not detail any case or controversy. Indeed, the Statement's goal is hard to decipher. As the Court understands it, the Statement (1) explains that Abdul-Kareem found certain money on a bus in Burlington, Vermont, which led him to further study of certain historical currencies; (2) discusses a "Money Project" in which Abdul-Kareem proposes certain changes to the appearance of U.S. currency; (3) provides

printed representations of certain forms of currency; and (4) warns that these printed representations are not themselves legal tender.  (*See generally* Statement.)  Missing is any suggestion of what Abdul-Kareem wants this Court to do.[1]

More concretely, the Statement suffers from numerous justiciability problems.  The Court will focus on standing, though there are likely other problems.  *Cf. Liddell v. Special Admin. Bd. of Transitional Sch. Dist. of City of St. Louis*, 894 F.3d 959, 964 (8th Cir. 2018) (observing that "'[a]n Article III case or controversy is one where all the parties have standing'") (quoting *Mausolf v. Babbitt*, 85 F.3d 1295, 1300 (8th Cir. 1996)).  The Eighth Circuit recently described Article III's standing requirements as follows: "To have standing, [a plaintiff] 'must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'"  *Auer v. Trans Union, LLC*, 902 F.3d 873, 877 (8th Cir. 2018) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)).  "To establish an injury in fact, a plaintiff must show an injury that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Id.* (quoting *Spokeo*, 136 S. Ct. at 1548).

The Statement meets none of these requirements.  It does not explain how Abdul-Kareem has suffered any injury at all, much less one that is "concrete and particularized" and "actual or imminent."  It names no defendant, and does not indicate how some other person's or entity's conduct is "fairly traceable" to an injury Abdul-Kareem has

---

[1] Also missing is any suggestion of why Abdul-Kareem, a Vermont resident (*see* IFP App. at 5), has filed this action in the U.S. District Court for the District of Minnesota.

2

experienced.  Finally, Abdul-Kareem does not indicate how appropriate judicial action can assist him.  At certain points he seems to suggest that he wants the federal government to adopt the currency changes he discusses.  (*See* Statement 4–7.)  But proposals for currency design are not the province of the federal courts.

The result is that Abdul-Kareem lacks standing to bring this action.  That lack of standing means that the action does not present an Article III case or controversy, which in turn means that this Court lacks subject-matter jurisdiction.  The Court thus recommends dismissal of this action without prejudice based on lack of jurisdiction.  And because the Court lacks jurisdiction over this matter, the Court also recommends that Abdul-Kareem's request to proceed pro se be denied as moot.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This action be **DISMISSED without prejudice** for lack of jurisdiction.
2. Misbah Abdul-Kareem's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] be **DENIED as moot**.

Dated: November 2, 2018         s/ *Hildy Bowbeer*
                                Hildy Bowbeer
                                United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written

objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).